UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALTAIRE PHARMACEUTICALS, INC.,

    Plaintiff,

-against-

PARAGON BIOTECK, INC.,

    Defendant/Counterclaimant.
----------------------------------------------------------X
PARAGON BIOTECK, INC.,

    Third-Party Plaintiff,

-against-

SAWAYA AQUEBOGUE, LLC,

    Third-Party Defendant.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 15-2416

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 21 2016   ★

LONG ISLAND OFFICE

APPEARANCES:

WILSON SONSINI GOODRICH & ROSATI
By:   Douglas H. Carsten, Esq.
       Lauren E. Wardle, Esq.
12253 El Camino Real, Suite 200
San Diego, CA 92130
       - and -
By:   Tonia Ouellette Klausner, Esq.
       Catherine Sarah Grealis, Esq.
1301 Avenue of the Americas
New York, NY 10019-6022
Attorneys for Third-Party Plaintiff Paragon BioTeck, Inc.

DICKSTEIN SHAPIRO LLP
By:   Jennifer D. Hackett, Esq.
1825 Eye Street, N.W.
Washington, DC 20006
Attorneys for Plaintiff Altaire Pharmaceuticals, Inc. and
    Third-Party Defendant Sawaya Aquebogue, LLC

WEXLER, District Judge:

In this diversity action, plaintiff Altaire Pharmaceuticals, Inc. ("Altaire" or "Plaintiff") brings claims against defendant Paragon BioTeck, Inc. ("Paragon" or "Defendant" or "Third-Party Plaintiff") for breach of contract, misappropriation of confidential and proprietary information, and unfair competition, in connection with an agreement between those parties to apply to the Food and Drug Administration ("FDA"), and develop, manufacture and distribute ophthalmic products. In its answer to the complaint, Paragon raised a total of six counterclaims/third-party claims against Altaire and third-party defendant Sawaya Aquebogue, LLC ("Sawaya Aque" or "Third-Party Defendant"), ("Counterclaims/Third-Party Complaint"). Altaire and Sawaya Aque now move to dismiss two of those claims, specifically, the fourth claim for unjust enrichment against Sawaya Aque, and the fifth claim, which alleges fraud against Altaire. For the following reasons, the motion is denied.

The standards of a motion to dismiss are well-settled. In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of Plaintiff. Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted); see Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 58-59 (2d Cir. 2010). The plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." BellAtlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The "short and plain" pleading standard of Rule 8 of the Fed.R.Civ.Proc. does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678 (quoting Twombley, at 555)(other citations omitted). A "formulaic

-2-

recitation of cause of action's elements will not do," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombley, at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679.

In reviewing this motion to dismiss, the Court finds that Paragon has sufficiently stated a claim for unjust enrichment against Sawaya Aque. To state such a claim under New York law, a plaintiff must allege (1) that the defendant was enriched; (2) that the enrichment was at plaintiff's expense; and (3) that equity and good conscience require restitution. Liebowitz v. Cornell Unv., 584 F.3d 487, 509 (2d Cir. 2009) (quoting In re Mid–Island Hosp., Inc., 276 F.3d 123, 129 (2d Cir. 2002)). The Third-party Complaint alleges that "Paragon provided valuable assets to a company designated by Altaire -- Sawaya Aque. Accordingly, Sawaya Aque received a benefit at Paragon's expense," that "it would be unjust for Sawaya Aque to retain the assets Paragon provided to Sawaya Aque," and that "Sawaya Aque has been unjustly enriched at the expense of Paragon." See Counterclaim/Third-Party Complaint ("CC/TPC."), ¶¶ 90-92. As noted, in deciding a motion to dismiss, the Court must assume the veracity of Plaintiff's allegations and determine if they state a claim. The Court finds a claim for unjust enrichment against Sawaya Aque has been sufficiently stated here and denies Third-Party Defendant's motion to dismiss the claim.

Similarly, the Court finds that the Counterclaim/Third-Party Complaint also sufficiently

states a fraud claim against Altaire. The fraud claim alleges that Altaire's general counsel made a material misrepresentation of fact when he "assured Paragon that [Altaire] had the resources and production capacity to supply Paragon with phenylephrine so as to meet total market demand" that was requested by the FDA. CC/TPC, ¶ 95. Paragon further alleges that Altaire knew it did not have those resources when it made that representation, upon which it knew Paragon would rely, to Paragon's detriment. CC/TPC, ¶¶ 96-99.

To state a claim for fraud under New York law, the plaintiff must allege "'a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury.'" Lerner v. Fleet Bank, N.A., 459 F.3d 273, 291 (2d Cir. 2006) (quoting Kaufman v. Cohen, 307 A.D.2d 113, 119, 760 N.Y.S.2d 157, 165 (1st Dep't. 2003)).

The Court finds that the allegations here sufficiently state a claim for fraud, and meet the pleading requirements for fraud under Rule 9(b) of the Fed.R.Civ. Pro. The Court also finds that the claim states a misrepresentation that is extraneous to the contract, as required to state a fraud claim in addition to a claim for breach of contract. See Waite v. Schoenbach, No. 10-CV-3439, 2010 WL 4456955, at *5 (S.D.N.Y. Oct. 29, 2010). The motion to dismiss this claim is also denied.

## CONCLUSION

For the reasons stated above, the motion of Counterclaim Defendant Altaire and Third-Party Defendant Sawaya Aque to dismiss the unjust enrichment and fraud claims in the Counterclaims/Third-Party Complaint, is denied.

SO ORDERED.

                                       s/ Leonard D. Wexler
                                   LEONARD D. WEXLER
                                   UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
         June 2, 2016